**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------x

HONG KONG HOUSEWARES MANUFACTURING CO. LTD.,

      Plaintiff,

 -against-

INSTYLE HOME DESIGN INC.

  -and-

PARKVIEW HOME TEXTILES INC.

  -and-

JAMIL MALAKAH a/k/a GABI JAMIL MALAKAH individually,

      Defendants.

------------------------------------x

**Civil Action No.**_____

**COMPLAINT**

(Civil Action)

  Plaintiff HONG KONG HOUSEWARES MANUFACTURING CO. LTD.("HKHM"), by and through its undersigned attorney, REN RONG PAN ATTORNEY AT LAW, as and for a complaint against INSTYLE HOME DESIGN INC.("IHD"), Parkview Home Textiles Inc. and JAMIL MALAKAH a/k/a GABI JAMIL MALAKAH individually, alleges, upon information and belief, as follows:

**The Parties**

  1. At all times material herein, plaintiff HKHM was and still is a business entity organized and existing under the laws of a foreign country i.e. People's Republic of China ("PR China") and maintains a place of business located at No.111,

Putuoshan Road, Beilun, Ningbo City, Zhejiang Province, PR China. Plaintiff was and still is the manufacturer, owner and shipper of certain home goods and houseware products, which became the subject matter of this lawsuit.

2. At all material times, defendant INSTYLE HOME DESIGN INC. ("IHD") was and is a company organized under the laws of the State of New York with its registered office located at 104 SHERMAN AVENUE, NEW YORK, NY, UNITED STATES, 10034 and principal place of business located at 230 Fifth Avenue, Suite 1301, NEW YORK, NY 10001. See New York State Entity Information attached as Exhibit A.

3. At all material times, defendant PARKVIEW HOME TEXTILES INC. was and is a company organized under the laws of the State of New York with its registered office located at 104 SHERMAN AVENUE, NEW YORK, NY, UNITED STATES, 10034 and principal place of business located at 230 Fifth Avenue, Suite 1301, NEW YORK, NY 10001. See New York State Entity Information attached as Exhibit B.

4. Both Corporate Defendants have listed the same registered office address and same principal business address as well as the name of their principal officer – JAMIL MALAKAH.

5. The Individual Defendant, JAMIL MALAKAH a/k/a GABI JAMIL MALAKAH, was and still is a New York Resident with his last

known residence located at 56 Parkway Court, Floor 2, Brooklyn, New York 11235. *See* Defendant's Website Printout attached as Exhibit C.

6. In its business dealings with plaintiff, Defendants have held out to the public as both Parkview Home Textiles Inc. and INSTYLE HOME DESIGN INC. Inc. as reflected in the website and pro forma invoices, and shipping forms.

7. The Individual Defendant, JAMIL MALAKAH a/k/a GABI JAMIL MALAKAH was and still is the *alter ego* of the two corporate defendants as mentioned above.

### Diversity Jurisdiction and Venue

8. The court possesses jurisdiction over this case pursuant to 28 U.S.C. §1332(a), as there is diversity between a subject of a foreign state and a domiciliary of the State of New York, and the amount in controversy exceeds $75,000. Venue is proper in this case pursuant to 28 U.S.C. §1391(b), as defendant's principal place of business is within the Southern District of New York.

9. Venue is also proper in this case pursuant to 28 U.S.C. §1391(b), as the acts and transactions complained of

3

occurred in substantial part within the Federal District of New York.

## Factual Background and Claims

10. From Nov. 3, 2023 through Jan. 9, 2024, as part of their trade practice, Defendants placed 13 purchase orders (Nos.2038/2992/2996/3015/3017/3018/3019/3020/3021/3027/3028/3029/3030) for certain shower curtains to be made to IND's special design and specifications. The invoice value totaled $133,272.60. (See Exhibit D) These orders were duly manufactured and packed the goods into four containers at the Port of Shanghai on Free-On-Board (FOB Terms). Defendants picked up two but left the other two containers of goods having failed to pay for any invoices without justification. In addition to the invoice value of $133,272.60, the goods are still being warehoused incurring freight and storage charges to date totaling $46,715.00. To date, Plaintiff sustained damages in the amount of $179,987.60. *See* Purchase Orders as mentioned above and attached as Exhibit D.

11. From Nov.2, 2023 through Jun. 3, 2024, Defendants placed 5 purchase orders (Nos. 2986/3006/3014/3016/3026) for certain shower curtains to be made to IHD's special designs and specifications. The invoice value including freight totaled $50,147.40. *See* Invoice Group No. GS03531 and Packing List attached Exhibit E.

4

12. From Nov. 2, 2023 through Jan. 2, 2024, Defendants placed 6 purchase orders (Nos.2020/2987/2990/3019/3020) for shower curtains to be made to IND's special design and specifications. The invoice value totaled $45,532.00. *See* Invoice Group No. GS03532 and Packing List attached as Exhibit F.

13. From Oct.25, 2023 through May 6, 2024, Defendants placed purchase orders Nos. 3012/2975/2991/2033/2034/2030/2031 for certain shower curtains to be made to IND's special designs and specifications. The invoice value including freight totaled $48,282.00. *See* Invoice Group No. GS03642 and Packing List attached as Exhibit G.

14. From Nov. 2, 2023 through Jun. 3, 2024, Defendants placed 5 purchase orders (Nos. 2006/2007/2072/2987/2986/2034) for certain shower curtains to be made to IND's special designs and specifications. The invoice value including freight totaled $48,990.00. *See* Invoice No. GS03693 and Packing List attached as Exhibit G.

15. In accordance with the terms of the above said orders and shipping terms, Plaintiff had duly manufactured and packed the goods into shipping containers at the designated port at various times as required by the defendants.

16. All the shipments were taken by the defendants and/or their shipping/forwarding agents, except for two

5

containers Nos. TIIU5213390 and EGSU9739615 having been left by Defendants at the Port of Shanghai for over one year now, and so far, incurring additional freight, warehousing and other charges in the amount of $46,715.00. *See* Para. 10.

17. From May 17, 2024 through Nov. 29. 2024, Defendant Gabi made various fraudulent and misrepresentations so as to induce Plaintiff to release the containers of goods. In the end, the goods were taken by defendants without paying first, in the same way as all other shipments. *See* Chat History dated May 17, 2024 and Nov. 29, 2024 attached as Exhibit I.

18. Defendants have made no complaints about the goods delivered, whether as to the timeliness of the delivery, their quality, or their compliance with contract specifications.

### As and for a First Cause of Action: Breach of Contract

19. Plaintiff incorporates by reference the preceding allegations as if fully restated herein.

20. In violation of contractual obligations, Defendants have failed to pay for any of the said shipments of goods as mentioned above, totaling the amount of $372,939.00.

21. Pursuant to the sales contract for the goods as mentioned above, defendants were obligated to pay the total

amount of $372,939.00 before taking delivery of the subject goods. Defendants failed to pay for the invoices as mentioned above.

22. HKHM has performed all of its obligations with respect to the manufacturing and shipment of goods to the defendant.

23. Defendants have breached their contractual obligations to make payment for the goods delivered and taken. As a result of the breach of its contractual obligations, Defendants are liable to HKHM for damages in the amount of $372,939.00.

**As and for a Second Cause of Action: Conversion**

24. Plaintiff incorporates by reference the preceding allegations as if fully restated herein.

25. Defendants have committed conversion of the subject goods by taking title and possession of the goods without full payment, thus causing damages to the plaintiff in the amount of $372,939.00. This payment has not been received to date, though duly demanded.

26. Defendants have no justification for keeping for their own use or reselling the goods without remitting payments to plaintiff.

27. As a result of the foregoing, Defendants are in violation of their legal obligations under the Contract of Sale, and HKHM is owed, as best as can be presently determined, the principal sum of $372,939.00, exclusive of interest, costs and reasonable attorneys' fees.

### As and for a Third Cause of Action: Account Stated

28. Plaintiff incorporates by reference the preceding allegations as if fully restated herein.

29. Plaintiffs and defendant have had an established business relationship, based on prior transactions and dealings, aside from the purchase orders at issue herein.

30. Plaintiff presented the accounts stated by sending invoices to defendant, which constituted the bills for the goods delivered.

31. Defendants received the final account statements at various times, and did not raise any issue with this amount owed.

32. Defendant has failed to remit payment of the debt although it has been in possession of the invoices beyond a reasonable amount of time.

33. Although plaintiffs made written demands for payment of the amount due, defendant remains delinquent in providing payment, totaling $372,939.00.

31. Defendants have no justification for keeping, using, or reselling the goods without payment to plaintiffs.

32. As a result of the foregoing, HKHM is owed, as best as can be presently determined, the principal sum of $372,939.00, exclusive of interest, costs and reasonable attorneys' fees

**As and for a Third Cause of Action: Fraudulent Inducement**

33. Plaintiff incorporates by reference the preceding allegations as if fully restated herein.

34. At various times of dealing with HKHM, individual defendant JAMIL MALAKAH a/k/a GABI JAMIL MALAKAH ("Gabi"), in his attempt to have the containers of goods released without paying first, made various misrepresentations that he would pay for the goods shortly after the releases while having no intention of paying the Plaintiff.

35. In particular, from May 17, 2024 through Nov. 29. 2024, Defendant Gabi made various fraudulent and misrepresentations so as to induce Plaintiff to release the containers of goods. Plaintiff has reasonably relied upon such fraudulent misrepresentations and believed Gabi's false promises

as true. In the end, the goods were taken by defendants without paying first, in the same way as all other shipments. *See* Chat History dated May 17, 2024 and Nov. 29, 2024 attached as Exhibit I.

36. As a result of the foregoing, Defendants are damaged in sum of $372,939.00, exclusive of interest, costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands judgment against the defendants named herein jointly and severally, as follows:

1. for damages in the amount of $372,939.00 for legal interest accrued as of Feb. 5, 2023.
2. for counsel fees and any such other and further relief which it may deem just and proper.

Dated: January 3, 2025
New York, New York.

REN RONG PAN, ATTORNEY AT LAW

By: _____
Ren Rong Pan (RP7378)

75 Main Street, Suite 201
Millburn, NJ 07041
Tel: (212) 406-5533
Cell: (917)536-8342
Fax: (973) 379-3197
Email: rpanlaw@yahoo.com